All right, the next case is Louis Del Favero Orchids v. Scott Rivkees. Jesse Wilkerson is here for the appellant. Eduardo Lombard is here for the appellees. And Mr. Wilkerson, you may proceed. Thank you. May it please the court. I'm Jesse Wilkerson. I represent Louis Del Favero Orchids, the appellant in this case. The issue in this case is whether the due process clauses minimum guarantees of fairness apply in determining who may enter Florida's growing $800 million medical marijuana industry. Counsel, let me ask you this. I read your complaint looking for where your property right entitlement is set out. And it appeared to me that everywhere you claim a right, it's to the procedures established in the Florida law. And I went back through and said, well, there's got to be more to it than that, because you have to have a property entitlement before you have any due process procedural entitlement. But am I wrong? If I'm not, lead me to the paragraph, which says that you have a state law entitlement to anything other than the procedures that you've set out in your complaint. So I would lead you to the, not necessarily to an area of the complaint, but it is cited in the complaint. It's Florida statute section 381.986 subsection 8B, which states that subject to the requirements in paragraphs a two through four, the department shall issue a license to an applicant if the applicant meets the requirements of this section and pays the initial application fee. That statute is on to a list of ten or so objective criteria. Counsel? Counsel? Counsel? Can you hear me? I can hear you continue to talk when I'm trying to ask you a question. So let me ask you the question. I'm sorry, you're cut out for a little bit. I'm sorry that I did. Where in the complaint, you allege that that is your property right, that the procedures of the due process clause apply to it? So that would be in. So in every count that we allege a property interest and we allege the constitutional provision that requires the state to review those licenses. We also alleged in the complaint that Del Favreau met all the criteria under the statute that I just cited, stating that they have that they met their criteria and that statute says the department shall issue licenses when that criteria is met. Which is a procedure. No, it says they shall issue a license. But you allege that he has this. I'm just just pick one. Paragraph 112. Del Favreau enjoys a state created property interest in having its MMTC application reviewed by the Florida Department, etc. in accordance with the constitutional section in the Florida statute. Having them reviewed by in accordance with. That's a procedural guarantee. Well, the statute presides provides a substantive guarantee. Furthermore, No, but you didn't you didn't allege that he was denied the right to a default license, which is a property entitlement or whatnot. And I don't know that it would be, but in accordance with. And the statute that I provided was not the default license provision. It's just the provision that provides the overall framework for the department granting these licenses. The procedures. Well, the procedures that grant the license the SEC says that they shall issue a license. If you meet these criteria. So it's it's a procedure to get the license, but the statute says that the That they should issue the license so that the property right is in the license itself. Once you meet the procedural criteria. Yeah, but you said the property interest is in those procedures. Well, in that sense, any property interest is going to be in a procedure because there No, no, no, no, no, it is. You have a property right. If you're a teacher under the tenure laws to keep your To keep your job, unless there's cause for you to be fired. It's not in the procedures and procedures are apart from that. That's correct. But this court has held on multiple occasions that when it comes to licensures applicate applicants hold certain rights. If certain criteria are met. One of those being if the if the state law in question provides objective criteria to evaluate against the person who's applying Then an applicant can assert a procedural due process right and and the thing that they're applying for, whether it's a government contract, whether it's a license. So the fact that Del Favreau didn't hold a license at the time at this time doesn't What's your, what's your, what's your best case on the property interest is in the procedures. What's your best case. So the best one is Patula electric membership corporation the Whitworth and that's 951 federal second 1248 and At case there was a state vendor manual or if they met certain objective criteria such as price performance capacity to perform and In that case, the court said because the better manual restricted the state's options of who they could choose based on those objective criteria. The person seeking the contract could assert a property interest in that contract, just as Del Favreau is done here with the license that they're seeking Let me ask you this. Maybe this is the better way to get past this you're then not argue that if state law provides certain procedures. Let's say, and then don't use the word entitlement. There's these procedures are the ones that apply before you can fire somebody with 10 And let's say one of the procedures is that the hearing shall be conducted within 10 days and it turns out the department never gets around to having the hearing until 20 days You're not saying that the that's a federal due process violation that they exceeded the time period for the hearing set out in the procedures are you It depends on the nature of the state law that gives you the right to that procedure. So, and I just I just told you what the state, the state law says these are the procedures that shall apply and one of them is a 10 day Deadline for holding the hearing and they they don't get around to it for 20 days. Is that a federal due process violation. That in and of itself may not be. But if, as in this case, it would all they also said, and you have the right to bring a challenge. If this deadline is not adhered to under the Supreme Court's precedent craft, then that cause of action is indication of a state law property interest in having the hearing within that time. And If it's all right with the court. I'd like to address the issue provided has been notice regarding McKinney VP very briefly, and I see that I have two minutes. I just wanted to state that the kidney VP is a decision where that applies a doctrine that comes from to Supreme Court cases parrot v. Taylor and Hudson v. Palmer. And those specifically deal with quote random and unauthorized deprivations of life, liberty or property. McKinney explicitly invoked that doctrine and because the issue. The facts that issue in that case were a biased decision maker, where the applicant was in fact provided hearing He just claimed that the decision maker on top of that hearing was biased. Unlike in McKinney VP, we're arguing that there is no hearing that applies and that the general rule governing due process claims announcing the Supreme Court's case of Zinnerman v. At 788 federal appendix to 98 where the court made that distinction and stated that where a person was not given a hearing at all before their business was closed. The McKinney rule did not apply because it was not a random and unauthorized deprivation. And in fact, the state had an opportunity to give a hearing but chose not to the court in that case said that Have you got any published decisions supporting you on that. So, um, well McKinney itself specifically distinguish itself from Zinnerman v. Birch, which is a Supreme Court decision that governs these claims and that's at 494 US 113 and specifically distinguish the parrot Hudson rule that McKinney relied on in cases where there is an opportunity to provide a pre deprivation hearing. So that's the authority that I would rely on which is finding on this court, and I see that I'm out of town. Thank you, Mr Wilkinson will hear from Mr Lombard. Good morning may please the court at Lombard ready on Tallahassee, Florida, on behalf of the Florida Department of Health State Surgeon General. Dr. Ricky's former Surgeon General Dr. Philip, the governor's deputy chief of staff, Miss Coppola and two other state employees Mr backs in the same rent. The district court correctly determine the Delta bears claims here are fatally flawed as a matter of law. Assuming there's a property interest here created by state law, the US Constitution simply does not protect any interest in contract and thus the complaint was probably dismissed, but the judgment was also correct for an additional reason. I'm sorry Council Council, you sound like you're in a well to me. I'm having a hard time understanding. It's not worse. You said assuming there is a property interest, what did you say after that, that assuming there's a property interest, the US Constitution does not protect any interest in contraband. In this case, marijuana. I understand. And therefore the judgment was correct for that reason. The judgment was also correct, and I think you pointed it out, do cards, because there is no state property interest at issue here under these facts. So let me start with a person who's very linear Council. If we were to agree with you that there's no property interest under Florida state law, then we don't need to reach the issue of whether there is a federal constitutional interest, right, correct. It can be looked at two or even maybe three different ways. If there's no state property interest at all. Correct. It doesn't matter whether it rises to federal protection with the 14th Amendment. If there were, we've argued it already the 14th Amendment doesn't protect that kind of interest. And then I think the McKinney line of cases, McKinney case and its progeny supports the concept here that in any event, the state. The song has provided plenty of process and has mechanisms in place today. I mean we're in place, then, then afford del Favaro the process, it may be entitled to to assert whatever claims it thinks it has under state law. So based on the amendment is the is the state judicial process is part of the McKinney processes that we should be considering. I think it is and what you're referring to I believe is the constitutional provision that says, if the department does not begin registering licensees, or the department fails to adopt reasonable regulations within the time provided that any citizen in Florida may bring an action to compel the department to comply with its obligations. Our perspective is that that is both pre and post deprivation process. And in fact in this case no favor was involved in litigation in state court, where it was alleged in part that the department was not complying with those constitutional provisions. Well before they brought their 1983 action. Yes. Yes. Counsel, isn't there still a case that's pending that was certified to the Florida Supreme Court, related to the litigation on on the law that came out of the amendment. Yes, Your Honor is the floor. Department of Health case was accepted jurisdiction and is pending. So is it your position that McKinney would require us at the very least to wait for a decision from the Supreme Court in that case. Before we can evaluate whether there was a, whether there was a property interest that the state processes were insufficient to protect. I don't think you need to wait and here's why. What one of their claims is that the department is not processing their application today. They want their process today the department didn't review it analyzed substantively denied the department told them, you're too early. Our regulations have a provision in them that say we'll open a window for everyone to come into apply. The reason there needs to be a window is because I'm like, it's incorrect with the economy that anybody can get a license. The legislature has framed a limited licensure program. So, you may check all the statutory boxes. But that doesn't mean you get a license, you have to demonstrate, right, there's, there's a discretionary element because there's a very large discretionary element to you. So, this court doesn't need to wait on the Supreme Court because even the Supreme Court of Florida were to say that that regulatory structure is unconstitutional. The Florida First District Court of Appeal the appellate court that handled the floorroom cases said that the department would then pursuant to the Constitution would have to go back and now craft new regulations for processes to prop to take in applications and register applicants because there is an obligation under the Constitution to ensure safe product, you know, it is still a schedule one substance is considered medicine in Florida. But if there's still an obligation of the Constitution make it safe so the First District Court of Appeal has repeatedly not once but twice now, the Medicare opinion as well which was cited in our answer brief said, look, even if the department's regulations are invalid. Even if the legislature's statutory structure is unconstitutional. That doesn't mean everyone gets a license, or even the various instances we get a license, what it means is that structure is unconstitutional in the Florida law and the department and perhaps the legislature itself need to go back to the drawing board and create new regulations, because, above all, the Florida Constitution requires that the department enact regulations to protect safety and welfare of the patients who will be consuming this medicine. So why wouldn't we then wait to see the outcome of that process under McKinney. Because even if you did, then all it means is that the very regulations under which they claim it right were unconstitutional to begin with, and they wouldn't have any due process argument to raise there's simply no property interest here. Either way, if the regulations are valid. The window was not open, they're arguing about process. I'm sorry so just to be clear, your position is there's no property interest so we don't look at McKinney. Is that what you're saying, we're saying there's no property interest, you can end the analysis there. If there is a property interest, the 14th Amendment doesn't protect it. And even if it did the McKinney line of cases in this context or the McKinney case and his progeny in this context supports the concept that their mandamus action, which they have pending, and the floor room case to which they are a party provides Okay, so that's my question, why wouldn't we just assume then that there is a property interest without deciding, and then deal with it on McKinney. You could we don't have a, I think that's fine. I think it would be. Are you arguing that there's some reason that if we did that that the McKinney analysis would not end in your favor. No, we think the McKinney analysis does way in our favor. I think the appellants of race today the question of pre deprivation process but it's not a hard and fast rule if you look at the Matthews versus Eldridge US Supreme Court case. The case basically says look at the pants right what are you talking about in terms of the private interest. What's the government's interest in what's the risk of deprivation. And when you look at what is being alleged in the complaint here, we think the pre deprivation process is satisfied one by by the Florida Supreme Court. Excuse me, the floor constitutions provision that allows you to bring a claim at any time to say hey the government's not registering, or does not comply with the Constitution in terms of regulations, but we also think that you don't need pre deprivation because again, all of this in accordance with McKinney right can be resolved in state court via a mundane is claim a declaratory judgment action, and the like. I suspect Council Council let me ask you this, he's claiming damages for not having granted a license default license. What remedy is there for that, if his claim is now. You can't get that in the mandamus can you cannot do a judgment action can correct you wouldn't be able to get damages but believe the damages they're seeking or reliance damages. You can't get both in any event, it would seem to us if you get the license. You should have relied on the process and spent money to prepare. But the broader bigger point here is that I believe the McKinney case specifically stated that a identical damages or identical relief isn't necessary. So, the fact that you couldn't necessarily get damages against the state of Florida and mandamus action doesn't mean that the remedy isn't, or the process to mandamus in a Florida court is not added. And the McKinney case in that regard is consistent with other circuits and the Supreme Court itself. I didn't read McKinney is saying the fact you can't get damages is irrelevant. I don't think it said it was irrelevant, but it was, I think, McKinney case and I'm trying to very quickly to find the exact location does stand for the proposition, based on Supreme Court precedent that the relief, or the remedy available does not have to be identical. Here, not have to be not have to be identical is one thing and not give him half of the relief he's seeking is another thing, but the relief they're seeking your honor respectfully is the license. And no, no, no counsel. He also seeks damages for not having been given a license. When he claims he was entitled to. I agree that that is claimed in the complaint, but it's a little more involved in that the damages that they see our reliance damages, meaning that they spent money in order to obtain items of occasion of facility, etc. So, so what. So what, because if you have to spend that anyway to get the license, you're not harmed if you're given the license. Well, what you're saying is his claim doesn't have any merit. That's different from saying the remedy under Florida law, if the claim does happen. No, what I'm saying is that it's not that doesn't have merit that you can't recover on the 1983 for both. In other words, if your claim is that you were deprived the property the license is the property you were deprived of it and that cost you a making yourself a million dollars in a floor, if you are able to get a license that it's made you whole, because the I, I'm trying to find the specific allegations I had. Well, we can we can just, we can find that but assume with me that that is in fact what he's pleaded. He's pleaded I'm owed money because I have now lost money from not having the license, two years ago, one and a half years ago, when I was entitled to. I think the McKinney case turns on whether it's it's satisfactory, and I think it's page 1564 of the opinion, whether the remedy in the state court would be satisfactory in our position is it and his argument is no it's not satisfactory because it won't give me a million bucks, who would be satisfied with not getting a million dollars. When you were entitled to it under his position, respectfully, the applicants who would get the license because the license is worth a lot more than a million dollars. If you get the license that you claim it was taken from you. We're giving you back through my data is that what you claim was taken. So you're made whole and you're better off because now you can make your, you're not, you're not making it whole because you didn't have the license for a year or a year and a half. That is self evident. If you claim I was entitled to a license at the beginning of 2020, and I still haven't gotten it. The fact that you get a license in 2021 doesn't make you whole. That's self evident. Why are you arguing with that. I'm arguing with that because the question is, it's a timing issue. Ultimately, the thing taken from you is given back to you. And what we're saying is there are no damages in between that's if you look at the regulatory structure there wouldn't be any money that would be made in that period of time, because there's approximately a one year ramp up to to work so it's not as for me is the license, and we give you the license, non use of it is not, we think, something that would not render the relief and state court sufficient. I see I'm about to lose my time here. For all the reasons we've stated today and for all the reasons in our brief we asked the district courts judgment. Thank you. Thank you Mr Lombard Mr Wilkinson you reserve some time for a bottle. Yes, thank you, Your Honor. Let me just ask you this question what's the best argument that you can make that you have a property interest under state law in the license application process itself. So, I would, I would look to the statute that I quoted a, I would look to the provision of the Constitution that provides that these licenses that this licensing process needs to start by a certain time, and the, and the provision that provides a cause of action if that is not done. And I would look to the department's concession based on Florida law that when a group of people are competing for a limited resource. They are entitled to a comparative hearing to determine who is the most qualified person to receive that. And those, those state law property interests and those provisions are just as strong as those that have been held to create a property interests and other applicant cases like patchy Allah like horns me in the Fifth Circuit where the assertion was that I applied for something, and I was denied it without being given due process. So when we look at your complaint, we can construe it as you're seeking on the state due process in the license application process itself, and not in the license, or not in the right to sell contraband in the state of Florida is, is that is my understanding correct, we're not seeking the right to sell contraband in Florida we're entitled to based on the safeguards that provide that it can only be denied under certain circumstances, property interests in the license for property interest in the, you just want to be able to apply to obtain the license. Correct. In any, any due process claim all we can really ask for asides from damages is a determination as to whether we're entitled to the licenses ultimately up to the state, whether anyone receives a license in any case. What we're saying is that the state did not adhere to the minimum requirements of due process and considering or more actually failing to consider Del Fabra his application. And I think this would be a different story. If the Florida Department of Health had just hold off on issuing any licenses whatsoever, but that hasn't been the case. Over 15 individuals and six legend the complaint received licenses despite the claims that the licensing process was not open. So our contention is if the state is going to follow the scheme for some people it needs to follow it for others, and any license given to another organization that applied. While claiming that the application process close to Del Favreau amounts to a depredation for Del Favreau because there's at present a limited number of licenses and to judge Rosenbaum's point, the pending state court actions don't really change that because of the I didn't see it, or don't understand it from the briefs were those licenses granted under the default provision, I didn't get that impression, or book as settlement of a lawsuit. So those licenses were granted. Following a department of administrative hearings proceeding and Del Favreau is not only claiming that they're entitled to the license under the default provision, they're claiming entitlement under the basic statutory scheme, but the default provision is more of an alternative argument so those six applicants were competing for the same licenses that Del Favreau was in, and they, they got a hearing and you did. They got a license, and we I'm sorry they got a hearing. The result of which was they got a license. Correct, correct. I read somewhere in one of the briefs that it was part of a settlement. Is that just off the wall. I, we don't know the justification for giving those licenses out the department claimed that per complaint, the department claims that those individuals were not qualified to have a license under the provision they sought them for. And even, even following those licenses others have been granted outside of those administrative hearing cases so Mr Wilson I got that and that's helpful but, and I hope that residing judge will give me some leeway here. I'd like to hear you respond to some questions I have about the supremacy clause, and the fact that the control substances act makes this a crime, and the appropriations writer doesn't make it a non crime. And the CSA also specifically says there's no property interest in contraband. And it seems to me like, and this is a big deal. I think that what you're asking to do is for the federal courts through the due process clause to help you further your interest in violating federal law, because you're, you're in effect, attempting are conspiring among yourself and the folks who are on your client side I'm not saying this unethical I'm just saying it's a fact to violate the control substances act because there's no exception in it for the medical marijuana and I'm familiar with the writer, but the writer just holds the prosecution's hand, it doesn't make it a non crime. So, I'm not aware of any situation in which a federal court has held that the due process clause entitles a litigant to an injunction that will help further its interest in violating federal law. That's a question. So, what we're seeking specifically is something that was passed by the Florida voters to modify specifically Florida's regulation of. I understand all that, but the ultimate goal, and you're quite candid about it is to facilitate the sale of a schedule one drug that is a crime under federal law. And that what what the ultimate goal of the parties are we contend is not relevant when we're dealing with a licensing scheme. Of course it's, of course it's wrong. Let's say that Florida besides we got too many dogs. They're everywhere. We need to raise some money so we're gonna we're going to legalize dog fight. And we're going to take the proceeds from the dog fight and build better humane society shelters. That's against federal law, it's a federal crime. Now would you say that if your client was interested in opening one of those dog fighting rings, that he could go into a federal court and say, I have a property interest under state law and having one of those, and having my application received, and therefore order the state to let me do that. So, what our position is, is that if Florida law treats one class of individuals who hold the license differently from another class of individuals, it doesn't matter what that license is for, whether it's to cut hair to serve liquor. That no no no no no no cutting hair serving liquor is not selling marijuana, let me make the hypothetical one step further. Suppose Florida says, Look, we've been sending these people off forever on child pornography charges. And and so has the fence, but we're going to permit child pornography, up to age. 16. I'm sorry, after age 16 but not up to age 16. The federal statute makes it a crime, up to age, 18. And you apply for a license. Your client applies for a license, and he is deprived of the procedures that state law, provide. He's not given a hearing. Or he gets a license he's about to lose it. Now you telling me your client can come into federal court and say and join them to treat me fairly in my effort to sell child pornography that violates federal law. If so, where those examples differ from from where we're in, is that in those cases, even if you even if someone obtained that license, it would be undesirable, because they would immediately be federally prosecuted for what they're doing, whether it be child to violate folks in this who authorize it and engaged in it from 16 to 18. If there's a certain class of people who are subject to state prosecution. As a result of having that license, and a certain class of people who aren't that whether you whether you hold that license should be subject to the minimum requirements of due process, whatever that is. All right. I thought that was your position probably but I just want to make sure that that last hypothetical. You would not be asking for the right to sell child pornography, just the right to apply for a license to sell child pornography. It doesn't mean that you would actually use that license to sell child pornography. Is that, is that the argument that you're making that you were denied in this case, the right to apply for a license, but not to use that license. That's, I mean that's certainly what what people have done and that's certainly part of it is that possessing the right to do something or possessing an immunity from prosecution is not equivalent to actually performing the act. And, you know, I just think that we're not dealing with child pornography here we're not dealing with dogfighting and the reason that we're seeking it is because there is a difference in opinion in the public and in members of Congress regarding medical marijuana. So that's, that's our position on that issue. Thank you. That's all the questions I have, Judge Wilson. I think, I think we have the arguments. Thank you, Mr. Lombard and Mr. Wolferson. Thank you.